The Chief Justice
delivered the opinion of the court.
This action is brought upon an official bond given by John Baxter as sheriff of the county of Gloucester and his sureties on the 25th Fovember, 1823.
Performance in general having been pleaded, a replication was filed, charging against the sheriff neglect of duty in respect to an execution issued from the Court of Common Pleas of that county against one George Anderson in favor of James Jessup, who prosecutes this action. To this replication the defendants have demurred, and besides the general causes of demurrer, allege that the replication sets forth no legal breach of tho condition of the bond on which the suit is commenced, and that the breach set forth is for an alleged neglect of duty by Baxter as sheriff prior to tho date of the bond, and therefore the defendants, his sureties, aro not liable.
John Baxter, was sheriff of the county of Gloucester for the official year commencing in October, 1822, and expiring by the recurrence of the annual election, on tho '14th of October, 1823. At the latter election he was again chosen sheriff, but failed to give the bond required by law. In Fovember following, another election was held, at which he was again chosen, and the bond on which this suit is brought was taken and approved, and he became authorized to discharge the duties of sheriff of the county. On the 10th day of October, 1823, four days before the expiration of the *134 first mentioned official year, the writ of fieri facias de bonis et terris mentioned in the pleadings, was delivered to him to be executed. It remained in his hands_ unexecuted during those four days. It also remained in his hands unexecuted from the day he became anew charged with the office of *sheriff, on the 25th November, 1823, until the day of the return, on the second Tuesday of December following ; and no return was then or ever made thereto by him.
These facts are drawn in part from the pleadings, and in part from the united statements of the counsel on the argument of the demurrer.
If during the period of four days, the sheriff had the means and opportunity of levying the execution upon the property of the defendant and omitted to do so, to the prejudice of the plaintiff, he violated his duty, made a breach of his official bond then in force, that is to say, the bond given in October, 1822, and rendered himself and his sureties responsible. His duty is succinctly but plainly stated in his official oath. “To the utmost of my power, duly, faithfully and with all convenient speed, execute or cause to be executed, all writs, process, precepts and executions to me directed, and which shall come to my hands; and faithfully and truly return the same.”
If he had levied on the estate, real or personal, of the defendant, within the four days, it was his duty to have followed out and finished the execution of the writ, although he had ceased to be sheriff at the expiration of that period.
If having levied during that period, he had afterwards neglected to follow out the execution of the writ and to discharge his consequent duties, or if having afterwards made sale, he had refused or neglected to pay over the moneys, his official bond and sureties of 1822, would have been responsible, according to the decision, unquestionably correct, as I think, of this coujt, in The State v. McDonald and others. Penn. 355; and the subsequent official bond and sureties would not be chargeable for such malfeasance.
*135 If the execution liad remained in liis hands at the end of the official year wholly unexecuted, either with or without neglect on his part, and had been turned over to a successor in office, it might and ought to have boon executed and returned by the successor, on whom such duty is expressly enjoined, Rev. Raws 243, see. 31, and whose official bond and sureties would by neglect of such duty have become responsible.
If the execution remained, in the hands of sheriff Baxter, wholly unexecuted, on and after the 25th November, 1823, when *he became again charged with tho office of sheriff, it was his duty to have executed the writ and made due return thereto, and an omission to perform such duty would have constituted a breach of the official bond of that date.
A breach of official duty by a sheriff in neglecting wholly to execute an execution does not- necessarily preclude or prevent the occurrence of a subsequent breach of duty by his successor, into whose hands the writ may come unexecuted, in neglecting to execute it; nor by the same person holding the office of sheriff under a new election. A new or second duty may be followed by a new or second neglect.
Neglect of duty under both official bonds, and consequent breaches of both bonds, may exist at the same time, and tlie person aggrieved may prosecute either, subject however to the general rule that a double satisfaction may not be enforced.
To apply these doctrines, which I think are incontrovertible, to the present case, it is necessary to look into the pleadings in order to ascertain the violation of duty charged by the prosecutor and for which he seeks redress.
The replication after reciting the issuing of the execution and the delivery to sheriff Baxter on tho 10th day of October, 1823; that he kept it in his hands unexecuted until the return day; and that having tho writ in his hands it was his duty to execute the same and make return, sots *136 forth the neglect of duty in the following words, " yet the-said John Baxter, being sheriff of the said county, did not-execute the said writ as it was his duty to do, by levying; the same on the goods and chattels, lands, tenements,, hereditaments and real estate, within his county,' which was-of the said George Anderson at the time the said writ came-to his hands to be executed, nor did he the said John Baxter return the said writ to the said Court of Common 'Pleas-on the second Tuesday of December, as by the said writ he-was commanded, and as bjr the laws of New Jersey it was his duty, as sheriff of the said county of Gloucester, to do."’
The breach of duty thus charged in respect to the return, of the execution, being in general terms, will be governed and fixed by the allegations in respect to the omission to-execute the writ, and may therefore suffice as it stands.
The assignment in respect to the execution of the writ-was *designed to charge a breach of duty in not levying on the goods and lands at the time the writ was delivered to the sheriff, that is to say, on the 10th day of October, 1823, or in not levying on or after the 25th day of’ November, 1823, when the writ was in the hands of the sheriff under the bond of the latter date. If the former omission was intended, the assignment is vicious because as already shewn, the breach of duty falls within the scope of-the bond of 1822, and not of the bond on which this suit-is brought. If the latter omission of duty was intended,, the assignment is defectivo because, first, it does not aver that the neglect to levy was on or after the 25th November,, so as expressly and unequivocally to bring the charge within, the liability of these defendants; and secondly, there is noaverment that Anderson the defendant, then had goods or lands whereon the sheriff might have levied the execution. Precision is, in the present case, peculiarly required, for as already seen there may have been in respect to this execucution two distinct violations of duty by Baxter ; and hence it is necessary for the pleading clearly to shew that resort- *137 is had to the defendants on that violation only for which they may be made responsible. And as without goods or lands within the reach of the sheriff he could have been guilty of no neglect of duty in not levying, a distinct and substantive averment that such goods or chattels might have been found, should have constituted a part of this pleading, as the support of it by evidence on the trial must constitute a part of the proofs. The clause in this replication that the defendant did not levy on the goods and chattels which were of George Anderson is not the requisite averment that such were to be found. Pleader’s Assistant 207, 209; 2 Chitty pl. 304.
The demurrer is sustained ; with leave to the plaintiff to amend, &c.